UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FABIAN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12 CV 766 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Fabian White, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held at the Westville Correctional Facility on February 22, 2012. The Disciplinary Hearing Body (DHB) found him guilty of Arson in violation of B-222. White was punished with the loss of 20 days earned credit time. He raises three grounds in this petition.

First he argues that there was not some evidence to support the finding of guilt. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). In this case, there is some evidence. Mr. White explains that "On February 3, 2012, Officer Quarnstrom

smelled smoke on the unit during a security check of B-Pod. He conducted a search of my cell (B5-102), and claimed to also 'smell smoke' in my cell." (DE # 1 at 4). Though the officer's claim that he smelled smoke in White's cell is some evidence, that assertion is also corroborated by White who acknowledges that he too could smell smoke in his cell.

Second, White argues that the DHB failed to consider several exculpatory statements that the burning smell was coming from the vents into every cell on the B5 section of the pod. However, district court's do not re-weigh evidence presented during prison disciplinary hearings. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Though it is possible that the burning smell was coming from the vents, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Finally, White argues that he was denied the opportunity to submit video evidence to corroborate his testimony and the testimony of his witnesses. White and others testified that Officer Quarnstrom went from cell to cell, but only entered White's cell. Though *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), permits an accused inmate the right to present relevant, exculpatory evidence, prisoners do not have the right to present evidence which "would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, the video evidence would have merely duplicated the testimony already presented. The exclusion of such duplicative evidence is permitted because "[p]rison officials must have the necessary discretion to keep the

hearing within reasonable limits." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Moreover, a video showing Officer Quarnstrom going from cell to cell is not exculpatory because it would not be able to provide any evidence as to what he was able to smell while he was in the hall. Certainly the smell of smoke would be stronger in a cell where something was burning, but it would not have been unreasonable for the DHB to have concluded that Officer Quarnstrom was able to identify the intensity and direction of a smell merely by moving around the hall outside of the cells.

For the foregoing reasons, the habeas corpus petition is now **DENIED** pursuant to 2254 Habeas Corpus Rule 4 and the clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Date: December 20, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT